UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SIMRANDEEP SINGH,
Petitioner,

v.

BRUCE SCOTT, WARDEN OF TACOMA NORTHWEST DETENTION CENTER IN TACOMA WASHINGTON,

Respondent.

CASE NO. 2:26-cv-03278-TL

ORDER ON PETITIONER FOR WRIT OF HABEAS CORPUS

This matter is before the Court on Petitioner Simrandeep Singh's Petition for Writ of Habeas Corpus. Dkt. No. 4. Respondent is Bruce Scott, Warden of Northwest ICE Processing Center ("NWIPC").[1] *Id.* at 1. Having reviewed the Petition, the Government's Return (Dkt.

[1] Respondent Bruce Scott has not appeared in this matter, so the United States of America has joined as an "interested party in this case[.]" *See* Dkt. No. 6 at 1 (Notice of Appearance). When used in this Order, "Government" will refer to the United States of America as the Interested Party.

No. 8), Petitioner's Traverse (Dkt. No. 11), and the relevant record, the Court GRANTS the petition.

## I. Background

Petitioner is a native and citizen of India who seeks his release from detention at the NWIPC. Petitioner previously sought habeas relief in this District, and his petition was denied by the Honorable Brian A. Tsuchida, United States Magistrate Judge. *See generally Singh v. Mullin*, No. C26-1418 (W.D. Wash. May 20, 2026). The Court adopts Judge Tsuchida's account of the factual background of this case, including Petitioner's attempted departure to Canada while released on an Order of Release on Recognizance ("OREC") and subsequent classification by the Department of Homeland Security ("DHS") as subject to detention under 8 U.S.C. § 1225(b). *See id.* at 1–2. However, in the current petition, Petitioner provides additional detail that he "traveled from [C]alifornia to [W]ashington and flew to [C]anda[,]" Dkt. No. 4 at 2, and then when he was detained by CBP at the Canadian border when he returned to the United States. *Id.*

In denying Petitioner's previous petition, the Honorable Brian A. Tsuchida, United States Magistrate Judge, ruled that Petitioner's attempt to gain admission into Canada was a departure from the United States, and that his return to the Blaine, Washington, Port of Entry constituted "reentry into the United States[,] subject[ing] him to mandatory detention under § 1225(b)(2)(A)." *Id.* at 4.[2]

On May 14, 2026, an immigration judge ("IJ") ordered Petitioner removed to India. Dkt. No. 10-1 (Order of Removal). Petitioner timely appealed to the Board of Immigration Appeals ("BIA") on May 21, 2026. Dkt. No. 10-2 (Filing Receipt for Appeal).

---

[2] *But see Fadul Mohamed v. ICE Field Off. Dir.*, No. C26-181, 2026 WL 497096, at *1 n.3 (W.D. Wash. Mar. 18, ssss2026) (noting that a failed attempt to enter Canada may not "constitute a departure and re-entry for purposes of immigration law" (first citing *Handa v. Crawford*, 312 F. Supp. 2d 1367, 1373 (W.D. Wash. 2004), *aff'd sub nom. Handa v. Clark*, 401 F.3d 1129 (9th Cir. 2005); and then citing *T—,* 6 I & N Dec. 638 (BIA 1955))).

In the instant petition, Petitioner once again seeks his immediate release from custody, along with an order preventing his re-detention unless the Government complies with certain conditions. Dkt. No. 4 at 4. In the alternative to his immediate release, Petitioner asks this Court "to grant a bond review in this case and to release the [Petitioner] upon conditions that [are] fair and just." *Id.* at 6. The Court construes this as a request to order a bond hearing before an IJ. Petitioner alleges that his detention without a bond hearing is unlawful and that he is entitled to an individualized determination of whether he poses a danger or a flight risk. *See id.* at 5.

## II. Legal Standard

### A. Habeas Corpus Petition Legal Standard

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). Habeas petitioners must prove by a preponderance of the evidence that they are entitled to relief, *Davis v. Woodford*, 384 F.2d 628, 638 (9th Cir. 2004)—that is, they are "in custody in violation of the Constitution or laws or treaties of the United States," 28 § U.S.C. 2241(c).

## III. Discussion

The habeas petition, which includes little discussion of the actual facts of Petitioner's case, appears to proceed on the assumption that Petitioner's detention is governed by 8 U.S.C. § 1226(a). But Judge Tsuchida already found that Petitioner is subject to mandatory detention under Section 1225(b), and the habeas petition identifies no error in that decision. Under these circumstances, the Court sees no reason to revisit Judge Tsuchida's determination that Petitioner is detained under 8 U.S.C. § 1225(b).

By statute, noncitizens subject to Section 1225(b) must be detained "throughout the completion of applicable proceedings and not just until the moment those proceedings begin." *Jennings v. Rodriguez*, 583 U.S. 281, 302 (2018). But this does not end the Court's inquiry. As

the Government points out, a Section 1225(b) detainee may still be granted habeas relief in this District if their detention without an individualized custody determination becomes unreasonably prolonged. *See* Dkt. No. 8 at 6. The Government correctly identifies the metric courts in this District use to determine whether detention under Section 1225(b) has become unreasonably prolonged as the multifactor test articulated in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1117–18. *Id.* at 6.

**A. The *Banda* Factors**

The six *Banda* factors courts consider are::

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Id*. at 1117 (quoting *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019)). This Court reviews them accordingly.

**1. Total Length of Detention**

The length of detention is "the most important factor." *Banda*, 385 F. Supp. 3d at 1118. The "context" of a petitioner's circumstances is crucial to keep in mind, particularly that "[t]he detention that is being examined here is the detention of a human being who has never been found to pose a danger to the community or to be likely to flee if released." *Jamal A.*, 358 F. Supp. 3d at 859. "The longer mandatory detention continues . . . the harder it is to justify." *Murillo-Chavez v. Garland*, No. C22-303, 2022 WL 16555994, at *5 (W.D. Wash. Aug. 30, 2022), *report and recommendation adopted*, 2022 WL 16553176 (Oct. 31, 2022). "Detention that has lasted longer than six months is more likely to be 'unreasonable,' and contrary to due process, than detention of less than six months." *Duran v. ICE Field Office Dir.*, No. C26-1824, 2026 WL 2225424, at *3 (W.D. Wash. Aug. 3, 2026) (citation modified); *see Haidari v. Scott*,

No. C26-1146, 2026 WL 1194634, at *3 (W.D. Wash. May 1, 2026) (first *Banda* factor favors petitioner after detention passes six-month threshold).

As of the date of this Order, Petitioner has been detained for more than six months. *See* Dkt. No. 4 at 3 (detention date of April 4, 2026). The Court recognizes that six months is a significant amount of time for an individual "who has never been found to pose a danger to the community or to be likely to flee" to be detained, *Jamal* A., 358 F. Supp. 3d at 859. The first factor favors granting a bond hearing.

**2. Likely Duration of Future Detention**

The second factor for the Court to consider is the likely duration of future detention. *Banda*, 385 F. Supp. 3d at 1118. Here, The Government contends that "this Court should find this factor to be neutral" since "[a]ny estimate of future pre-order detention would be speculative, at best." Dkt. No. 8 at 7.

But the Government offers no reason this Court is prohibited from speculating, which is precisely what the *Banda* test requires. The *Banda* court itself noted that the process Petitioner is currently engaged in—appealing an IJ's ruling to the BIA, then possibly appealing to the Ninth Circuit if the BIA affirms—can "take up to two years or longer." *Banda*, 385 F. Supp. 3d at 1119. And the Government gives no suggestion or argument that the case here is somehow quicker to resolve than the case in *Banda*. Therefore, like the *Banda* Court, this Court finds this factor favors a bond hearing.

**3. Conditions of Detention**

Next, the Court considers the third *Banda* factor—the conditions of detention. 385 F. Supp. 3d at 1118. "The more that the conditions under which the noncitizen is being held resemble penal confinement, the stronger the argument that he or she is entitled to a bond hearing." *Diaz Reyes v. Wolf*, No. C20-0377, 2020 WL 6820903, at *6 (W.D. Wash. Aug. 7,

2020) (citation modified) (quoting *Jamal A.*, 358 F. Supp. at 860), *report and recommendation adopted as modified*, 2020 WL 6820822 (Nov. 20, 2020), *aff'd sub nom. Diaz Reyes v. Mayorkas*, No. 21-35142, 2021 WL 3082403 (9th Cir. July 21, 2021). "[C]ourts within this district have characterized the conditions in NWIPC as that of a prison, including problems with food, medical neglect, and cleanliness." *Shevchuk v. Scott*, 2026 WL 1413609, at *2 (W.D. Wash. May 20, 2026); *see also Hossain v. Scott*, 2026 WL 1533003, at *6 (W.D. Wash. June 1, 2026) (collecting cases on NWIPC conditions). However, as Petitioner has not raised this issue, the Court will find this factor neutral. *See Suong v. Bondi,* No. C25-2309, 2025 WL 3718644, at *5 (W.D. Wash. Dec. 23, 2025) ("pursuant to the party presentation doctrine, the Court will not invent arguments for" petitioner).

**4. Delays in Removal Proceedings**

Under the fourth and fifth *Banda* factors, the Court considers delays in the removal proceedings caused by the Petitioner or by the Government, respectively. 385 F. Supp. 3d at 1118. Here, the Government argues that the fourth factor "likely favors Petitioner" since "there is no evidence that Petitioner has intentionally cause any delay" in the removal proceedings. Dkt. No. 8 at 7. For the same reason, the Government argues that the fifth factor favors them. *Id.*

While the Court agrees with the Government that neither they nor the Petitioner has caused any unnecessary delay, this Court has usually found that when neither party causes delay, the fourth and fifth *Banda* factors are neutral. *See, e.g.*, *Yacoub v. Scott*, 838 F. Supp. 3d 1114, 1124 (W.D. Wash. Apr. 23, 2026). In keeping with this Court's prior orders, both the fourth and fifth *Banda* factors are therefore neutral.

**5. Likelihood That Proceedings Will Result in a Final Order of Removal**

Under the sixth *Banda* factor, the Court considers "the likelihood that removal proceedings will culminate in a final order of removal." 385 F. Supp. 3d at 1120 (quoting *Jamal*

*A.*, 358 F. Supp. 3d at 860). "In other words, the Court considers whether the noncitizen has asserted any defenses to removal." *Id.*

Here, Petitioner has not provided the basis for his appeal, nor any argument about why the IJ erred in their decision to order him removed. Likewise, the Government contends that it is "unknown whether Petitioner's appeal with the BIA on his final order of removal will be granted or denied." Dkt. No. 8 at 7. Accordingly, the Court finds this factor is neutral.

* * *

Having considered the *Banda* factors, the Court finds that two weigh in favor of granting a bond hearing (including the first factor, which is the most important factor), four are neutral, and none weigh against granting a bond hearing. Under such circumstances, the Court finds that the *Banda* factors compel a finding that Petitioner's detention is unlawful and that he is therefore entitled to habeas relief. *See, e.g., Maliwat*, 2025 WL 2256711, at *9 (ordering bond hearing when two factors favored petitioner, four factors were neutral, and no factors favored respondents); *Rahman v. Garland*, No. C24-2132, 2025 WL 1920341, at *5 (W.D. Wash. June 26, 2025) (ordering bond hearing when four factors favored petitioner, one factor was neutral, and one factor favored respondents); *Hong v. Mayorkas*, No. C20-1784, 2022 WL 1078627, at *7 (W.D. Wash. Apr. 11, 2022) (ordering bond hearing when four factors favor petitioner, two factors were neutral, and no factors favored respondents).

**B. Appropriate Relief**

Having found that Petitioner's prolonged detention without a bond hearing has become unreasonable, the Court will now address his requests for relief. Petitioner asks the Court to order his immediate release or, alternatively, to order the Government to provide him with a bond hearing. Dkt. No. 4 at 4, 6. A bond hearing at which the Government bears the burden of demonstrating by clear and convincing evidence that Petitioner is either a flight risk or a danger

is the relief commonly ordered in this District to habeas petitioners who prevail under *Banda*. *See, e.g.*, *Cardozo*, 2025 WL 2592275, at *3 (ordering bond hearing within 14 days "that complies with the requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)"); *Maliwat*, 2025 WL 2256711, at *10 (same). In lieu of a hearing, the Government may comply with this order by releasing Petitioner.

As for Petitioner's passing request for injunctive relief related to any future re-detention (Dkt. No. 4 at 4), Petitioner provides no legal arguments for this request, and the Court does not consider it.

## IV. CONCLUSION

According, the Court ORDERS as follows:

(1) The Petition for a Writ of Habeas Corpus (Dkt. No. 4) is GRANTED.

(2) Within **fourteen (14) days** of this Order, Respondent SHALL either release Petitioner or provide him with a bond hearing before an immigration judge, unless Petitioner requests more time to prepare for the hearing. At the hearing, the Government SHALL bear the burden of proving by clear and convincing evidence that Petitioner is a danger to the community or a flight risk. Respondent SHALL ensure that the hearing is recorded.

(3) Within **fifteen (15) days** of this Order, Respondent SHALL file a Status Report with the Court either confirming that Petitioner received a bond hearing—and informing the Court of the results of the hearing—or confirming Petitioner's release or request for a continuance.

Dated this 3rd day of November, 2026.

Tana Lin
United States District Judge